

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00386-CR

---

DUSTIN LEE JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 33344B, Honorable Titiana Frausto, Presiding

---

May 19, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California.*[1]  In December 2023, in exchange for a plea of guilty to the charge of continuous violence against the family,[2] Appellant, Dustin Lee Jones, was placed on deferred adjudication community supervision for a period of three years.  His

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] Tex. Penal Code § 25.11.

community supervision was subject to certain terms and conditions. The State filed a motion to proceed to adjudication. At the hearing on the motion, Appellant pleaded not true to each of the State's allegations. The trial court found all the allegations true, revoked community supervision, adjudicated Appellant guilty of the original offense, and assessed a sentence of ten years of imprisonment.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the records support that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and records to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at

---

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

409 n.23. Appellant filed a response raising several issues. The State did not favor us with a brief.

## ANALYSIS

By this *Anders* appeal, counsel evaluates Appellant's original guilty plea and the subsequent proceedings. He candidly concedes there are no reversible issues on which to pursue this appeal.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's response, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## REFORMATION OF *BILL OF COSTS*

In accordance with *Phea v. State*, No. 07-24-00311-CR, 2025 Tex. App. LEXIS 1175 (Tex. App.—Amarillo Feb. 25, 2025, no pet.) (mem. op., not designated for publication), counsel asks this Court to reform the judgment to delete the assessed $15 time-payment fee and "any provision" for attorney's fees.

3

Time-Payment Fee

In *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), the Court held that the pendency of an appeal stops the clock for purposes of the time-payment fee. A time-payment fee assessed before appellate mandate issues is premature and should be stricken in its entirety, without prejudice to refiling should such fee become ripe. *Id.* Thus, we delete the $15 time-payment fee assessed against Appellant.

Attorney's Fees

The record shows Appellant was assessed $1,000.00 in attorney's fees when he was placed on deferred adjudication in December 2023. The *Bill of Costs* generated on December 18, 2023, reflects that assessment. Appellant agreed to pay those attorney's fees as part of his plea agreement. A challenge to the originally imposed attorney's fees at this juncture is untimely. *Fincher v. State*, Nos. 07-25-00039-CR, 07-25-00040-CR, 2025 Tex. App. LEXIS 4978, at *5 (Tex. App.—Amarillo July 15, 2025, no pet.) (mem. op., not designated for publication); *Tunstall v. State*, Nos. 07-24-000269-CR, 07-24-00270-CR, 2024 Tex. App. LEXIS 8560, at *5 (Tex. App.—Amarillo Dec. 10, 2024, no. pet.) (mem. op., not designated for publication).

However, the *Bill of Costs* generated following Appellant's adjudication of guilt includes an assessment of $3,090.00 of attorney's fees. A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's financial resources to offset the costs of legal services. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). There is nothing in the record to show the trial court found Appellant had the present ability to pay as required by article 26.05(g) of

4

the Code of Criminal Procedure.[4]  *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) ("Code of Criminal Procedure Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources."); *Jones v. State*, No. 12-25-00217-CR, 2026 Tex. App. LEXIS 911, at *3–4 (Tex. App.—Tyler Jan. 30, 2026, no pet.) (mem. op., not designated for publication) ("[i]f the record does not demonstrate a material change in the defendant's financial circumstances, there is no basis for ordering reimbursement of attorney's fees"). Appellant is indigent, that status has not changed, and he indicated to the trial court he did not have the present ability to pay fees.  *See Jackson v. State*, 562 S.W.3d 717, 723 (Tex. App.—Amarillo 2018, no pet.) (discussing indigency and ability to pay attorney's fees).  Therefore, the remedy is to delete the assessment of attorney's fees.  *See King v. State*, No. 07-24-00414-CR, 2025 Tex. App. LEXIS 5849, at *4–5 (Tex. App.—Amarillo Aug. 6, 2025, no pet.) (mem. op., not designated for publication) (modifying the judgment to delete assessed attorney's fees because the record reflected the appellant did not have a present ability to pay the cost of his court-appointed attorney's fees).  Accordingly, we delete $2,090.00 of attorney's fees assessed after the original plea of guilt.  We also remove any provision for future collection of those court-appointed attorney's fees.

The district clerk is directed to prepare and file an *Amended Bill of Costs* reflecting the modifications made herein and provide copies to this Court, Appellant, and the

---

[4] We acknowledge the trial court asked Appellant whether he had the present ability to pay "court costs, fees, and [the] fine and Appellant said he did not.  When the court asked whether he would have the future ability to pay "court costs, fees, and [the] fine," Appellant answered affirmatively.  That inquiry pertains to costs, fees, and fines other than attorney's fees.  *See* TEX. CODE CRIM. PROC. art. § 42.15.

Institutional Division of the Texas Department of Criminal Justice. This order of reformation extends to any orders to withdraw funds from Appellant's inmate account.

## CONCLUSION

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

Alex Yarbrough
Justice

Do not publish.